**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRAD A. FRALEY,**

   **Plaintiff,**

 v.           Civil Action 2:18-cv-1358
              Judge James L. Graham
              Magistrate Judge Kimberly A. Jolson

**COMMISSIONER OF
SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Brad A. Fraley, brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's Statement of Errors (Doc. 13) be **OVERRULED**, and that judgment be entered in favor of Defendant.

### I. BACKGROUND

#### A. Prior Proceedings

Plaintiff filed his application for DIB on September 5, 2013, (Tr. 297–303), and he filed his application for SSI on November 15, 2013. (Tr. 304–09). Both applications alleged that he was disabled beginning July 16, 2013. After his applications were denied initially and on reconsideration, Administrative Law Judge ("ALJ") Andrew Gollin held a hearing on December 14, 2015, (Tr. 111–53), and denied Plaintiff's claim in a written decision on January 14, 2016. (Tr. 91–110). Plaintiff appealed, and this Court vacated and remanded the case for a new hearing. (Tr. 1380). ALJ John M. Prince held a new hearing and denied Plaintiff's claim for benefits. (Tr. 1308–36). Plaintiff appealed directly to this Court.

### B. Relevant Medical Background

Plaintiff's sole statement of error concerns the ALJ's alleged noncompliance with the Social Security Administration, Hearings, Appeals and Litigation Law manual ("HALLEX"). Specifically, he alleges that ALJ erred by failing to proffer medical expert interrogatories to his counsel as required by HALLEX. The Undersigned summarizes the related facts accordingly.

On November 9, 2017, Dr. George W. Rogers, Jr. completed a Medical Interrogatory at the request of the ALJ. (Tr. 1637–41). The ALJ summarized Dr. Rogers' responses:

> He indicated that the claimant faced mild to moderate restrictions in his ability to interact with others, at most mild deficits in his ability to concentrate, persist or maintain pace and moderate to marked restrictions in his ability to adapt or manage himself. Dr. Rogers cited evidence from the record to substantiate such conclusions (22F/3). He also noted that none of the claimant's impairments met a listing (22F/4).

(Tr. 1325).

At the hearing, the ALJ introduced Dr. Rogers' responses as an exhibit. (Tr. 1346). Plaintiff did not object to the introduction of that exhibit and confirmed that the record was complete. (Tr. 1346–47). Later in the hearing, the ALJ raised the subject of Dr. Rogers' interrogatory responses with Plaintiff's counsel:

> ALJ: Mr. Dixon, can I interrupt just a second?
>
> ATTY: Sure.
>
> ALJ: My apologies. I had intended to have Dr. Rogers testify and let you cross-examine him, and for some reason it didn't happen.
>
> ATTY: Okay.
>
> ALJ: So as a result, I would only give limited weight to Dr. Rogers' interrogatory, since you haven't had the opportunity to cross-examine him. I just wanted you to know that.
>
> ATTY: Sure. Okay. Thank you, Your Honor.

>   ALJ:  It only gets limited weight as a result, so I apologize.
>
>   ATTY:  Okay.  Thank you, Your Honor.

(Tr. 1353).  Again, Plaintiff did not raise any objection to the ALJ's consideration of Dr. Rogers' responses.  (*Id.*).

Plaintiff subsequently submitted a post-hearing brief "(l) identifying all GAF scores in evidence, and (2) identifying any evidence that supports Mr. Fraley's testimony that he has episodes of decompensation in his mental health status that result in his essentially isolating to his bedroom for several weeks at a time." (Tr. 1624–25).  He did not raise any concerns regarding Dr. Rogers' interrogatory responses in that brief.  (*See id.*).  And consistent with the ALJ's representation at the hearing, and without objection from Plaintiff, the ALJ assigned Dr. Roberts' opinion limited weight in his written decision concluding that Plaintiff was not disabled.  (Tr. 1325).

## C.    The ALJ's Decision

In his decision, ALJ Prince found that Plaintiff met the insured status requirement through June 30, 2014 and that Plaintiff had not engaged in substantial gainful activity since July 16, 2013, the alleged onset date. (Tr. 1314).  ALJ Prince determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; right-shoulder acromioclavicular joint separation; status-post carpal tunnel surgery of the right hand; emphysema; hepatitis C; posttraumatic stress disorder (PTSD); bipolar disorder; depression; anxiety; and personality disorder.  (Tr. 1314).  He found, however, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (*Id.*).

3

The ALJ made the following residual functional capacity ("RFC") finding:

> [T]he claimant has the residual and functional capacity to perform light work . . . except the following restrictions: He can perform no more than frequent climbing of ramps and stairs and no more than occasional climbing of ladders, ropes, or scaffolds. The claimant is limited to no more than frequent stooping. The claimant is limited to no more than occasional crouching, kneeling, and/or crawling. The claimant is limited to no more than frequent overhead reaching with the right upper extremity. The claimant is limited to no more than frequent handling, fingering, or feeling with the right dominant hand. The claimant is limited to no work involving concentrated exposure to fumes, noxious odors, dusts, mists, gases, other pulmonary irritants, and/or poor ventilation. The claimant is limited to being able to understand, remember, and carry out simple, routine tasks that do not require fast-paced production rate and do not involve strict production rates or quotas. The claimant is limited to jobs that allow for goal oriented performance rather than production rate. The claimant is limited to jobs that allow employees to be off task up to eight percent of the workday in addition to regularly scheduled breaks. The claimant is limited to no more than occasional simple work-related decisions. The claimant is limited to no more than rare changes in workplace settings and workplace duties, which are changes that occur 20 percent or less of the day. The claimant is limited to no more than infrequent and brief interaction with the general public, which is defined as no more than five percent of the workday with each interaction lasting no more than five minutes. The claimant is limited to no more than occasional sustained interaction with coworkers and supervisors, which is interaction that lasts 10 minutes of longer. The claimant may work in proximity to, but not in tandem or as part of a team with, coworkers. The claimant is limited to jobs that do not entail close, over-the-shoulder type supervision.

(Tr. 1317). In formulating Plaintiff's RFC, the ALJ considered Dr. Rogers' opinion as expressed in his interrogatory responses and concluded that they were entitled to "limited weight" because, while they were "generally consistent with the medical evidence … the claimant's representative did not have the opportunity to cross-examine him at the hearing[.]" (Tr. 1325).

## II.  STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To this end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

**III. DISCUSSION**

In his sole assignment of error, Plaintiff asserts that the ALJ erred by failing to proffer medical expert interrogatories to Plaintiff's counsel. (Doc. 13 at 13–15).

An ALJ may obtain medical expert "testimony through written interrogatories." HALLEX I-2-5-42 (S.S.A.), 1994 WL 637376. When the medical expert responds, "the ALJ must proffer the response to the claimant and representative, if any." *Id.* As part of the proffer process, the ALJ "send[s] a letter to the claimant and appointed representative, if any, that provides the following information":

> • A time limit to object to, comment on, or refute the proffered evidence, and to submit a written statement as to the facts and law that the claimant believes apply to the case in light of the evidence submitted;
>
> • A time limit to submit written questions to the author(s) of the proffered evidence;
>
> • When applicable (see HALLEX I-2-7-1), an opportunity to request a supplemental hearing, including the opportunity to cross-examine the author(s) of any posthearing evidence; and
>
> • The opportunity and instructions for requesting a subpoena for the attendance of witnesses or the submission of records.

HALLEX I-2-7-30 (S.S.A.), 1993 WL 643048.

5

HALLEX provides "guiding principles, procedural guidance and information to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) (internal quotation marks omitted). But its procedural guidance "is not binding" on the courts. *Id.* at 399; *see also Robberts v. Comm'r of Soc. Sec.*, Civil Action 2:18-cv-00541, 2019 WL 4023549, at *7 (S.D. Ohio Aug. 26, 2019) (internal citations, quotations, and alteration omitted) ("Importantly, HALLEX is an internal guidance tool that does not have the force of law … Indeed, HALLEX does not impose judicially enforceable duties on either the ALJ or this Court."). And "no procedural due process rights arise from HALLEX violations alone." *Baskette v. Berryhill*, No. 117CV00135GNSLLK, 2018 WL 4701878, at *3 (W.D. Ky. Mar. 29, 2018), *report and recommendation adopted*, No. 117CV00135GNSLKK, 2018 WL 4027044 (W.D. Ky. Aug. 23, 2018) (citing *Lawrence v. Comm'r*, No. 3:13-032-DCR, 2014 WL 640990, at *4 (E.D. Ky. Feb. 18, 2014)).

"[D]istrict courts that have granted relief for failure to comply with HALLEX have required that the plaintiff demonstrate prejudice from the failure to follow the procedures." *Creech v. Comm'r of Soc. Sec.*, 581 F. App'x 519, 521 (6th Cir. 2014) (citing *Lawrence v. Colvin*, No. 3:13–032–D CR, 2014 WL 640990, at *4 (E.D. Ky. Feb. 18, 2014)); *see also Bester v. Comm'r of Soc. Sec.*, No. 1:18-CV-156, 2019 WL 3037892, at *11 (S.D. Ohio June 26, 2019), *report and recommendation adopted*, No. 1:18CV156, 2019 WL 3037564 (S.D. Ohio July 11, 2019) (citation omitted) ("[S]ome courts have granted relief where the procedures were not followed and where the plaintiff demonstrates prejudice from the failure to follow the procedures."); *Baskette*, 2018 WL 4701878, at *3 (citing *Estep v. Comm'r*, No. 2:11-0017, 2013 WL 212643, at *12 (M.D. Tenn. Jan. 18, 2013)) ("Relief would be appropriate only if Plaintiff shows prejudice from nonobservance.").

Plaintiff has failed to demonstrate prejudice here. Defendant does not dispute that the ALJ failed to proffer Dr. Rogers' interrogatory responses to Plaintiff prior to the hearing. But, as Defendant notes, Dr. Rogers' responses were introduced as an exhibit at the hearing before the ALJ. (Tr. 1347). Plaintiff's counsel had the opportunity to object to the exhibit but declined to do so. (Tr. 1346). Indeed, Plaintiff's counsel acknowledged that the record was complete. (*Id.*). Significantly, later in the hearing, the ALJ explicitly raised the subject of Dr. Rogers' interrogatory responses with Plaintiff's counsel. (Tr. 1353). Again, Plaintiff did not object to the ALJ's consideration of those responses. (*Id.*).

Post-hearing, Plaintiff submitted a brief "(l) identifying all GAF scores in evidence, and (2) identifying any evidence that supports Mr. Fraley's testimony that he has episodes of decompensation in his mental health status that result in his essentially isolating to his bedroom for several weeks at a time." (Tr. 1624–25). He did not raise any concerns regarding Dr. Rogers' interrogatory responses in that brief. (*See id.*).

Consistent with the ALJ's representation at the hearing, and without objection from Plaintiff, the ALJ assigned Dr. Roberts' opinion limited weight in his written decision concluding that Plaintiff was not disabled. (Tr. 1325).

In Plaintiff's view, if the ALJ had proffered Dr. Rogers' interrogatory responses prior to the hearing as required by HALLEX, "Plaintiff's counsel could have taken a variety of actions … , including objecting to the opinion, commenting on the opinion, refuting the proffered evidence, requesting the opportunity to cross examine Dr. Rogers in person, or submitting a written statement as to the proffered evidence." (Doc. 13 at 15). But, at the hearing, Plaintiff had the opportunity to object to the introduction of the interrogatory responses as exhibits, and he could have requested the opportunity to take any of these additional actions. (*See* Tr. 1346–47, 1353). He did not do

7

so. And when Defendant raised this exact argument in response, (Doc. 16 at 7–9), Plaintiff failed to file a reply addressing it. The Court, therefore, struggles to see how Plaintiff suffered any prejudice as a result of the ALJ's actions. *See, e.g.*, *Casey v. Colvin*, No. CV 14-73-HRW, 2015 WL 5657859, at *2–3 (E.D. Ky. Sept. 24, 2015) (finding no prejudice when ALJ failed to provide plaintiff with a copy of interrogatories more than 10 days in advance of the hearing but plaintiff failed to object to the admission of those interrogatories as exhibits at the hearing); *Gibbs v. Comm'r of Soc. Sec.*, No. 12–cv–14643, 2013 WL 5423612 at *13 (E.D. Mich. Sept. 26, 2013) (dismissing Plaintiff's argument that the written interrogatories did not comply with HALLEX because Plaintiff's counsel earlier indicated that he had no objections to the evidence submitted); *Rudolph v. Comm'r of Soc. Sec.*, No. 12–11308, 2013 WL 5204513 at *8–9 (E.D. Mich. Sept. 16, 2013) (rejecting Plaintiff's complaint that she did not receive copies of written interrogatories because Plaintiff's counsel did not object to the receipt of the medical expert's opinion into evidence at the hearing).

Plaintiff's argument suffers from an additional flaw. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). And Plaintiff has made little, if any, effort to meet that burden here. Plaintiff offers the conclusory assertion that, if the ALJ had complied with HALLEX, he could have taken action that "*may* have changed the outcome of this case." (Doc. 13 at 15 (emphasis added)). But the question is whether the outcome *would* be different if the ALJ had complied with HALLEX. Plaintiff has offered no argument or evidence to demonstrate that it would be. As a result, Plaintiff has failed to demonstrate prejudice here.

IV.   **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Statement of Errors

(Doc. 13) be **OVERRULED**, and that judgment be entered in favor of Defendant.

## V.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   October 11, 2019                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE