IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brad A. Fraley,

    Plaintiff,

  v.                                  Case No. 2:18-cv-1358

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Brad A. Fraley brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. Plaintiff appealed the first denial of his claim for benefits, which resulted in the case being remanded to the Commissioner for additional proceedings. On February 13, 2018, a different administrative law judge ("ALJ") held an evidentiary hearing. In a decision dated July 5, 2018, the ALJ found that plaintiff had severe impairments consisting of degenerative disc disease of the lumbar spine; right-shoulder acromioclavicular joint separation; status-post carpal tunnel surgery of the right hand; emphysema; hepatitis C; posttraumatic stress disorder; bipolar disorder; depression; anxiety; and personality disorder. PAGEID 3024. The ALJ found that plaintiff's residual functional capacity ("RFC") would physically permit him to perform light work. The RFC also limited plaintiff to: simple, routine tasks, involving goal-oriented performance, with no fast-paced production rates, strict

production rates or quotas; jobs that allow employees to be off task up to eight percent of the workday in addition to regularly scheduled breaks; no more than occasional simple work-related decisions, with no more than rare changes (occurring 20 percent or less of the day) in workplace settings and workplace duties; no more than infrequent and brief interaction with the general public (meaning no more than five percent of the workday with each interaction lasting no more than five minutes); no more than occasional sustained interaction (lasting 10 minutes or longer) with coworkers and supervisors; no work in tandem with, or as part of a team with coworkers; and no work entailing close, over-the-shoulder type supervision. PAGEID 3027. After considering the testimony of a vocational expert, the ALJ concluded that there were jobs in the national economy which plaintiff could perform, and that he was not disabled. PAGEID 3037.

On October 11, 2019, the magistrate judge issued a report and recommendation recommending that the decision of the Commissioner be affirmed. On October 24, 2019, plaintiff filed objections to the report and recommendation.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. <u>Objections</u>

Plaintiff's objections address the failure of the ALJ to comply with the Social Security Administration, Hearings, Appeals and Litigation Law Manual ("HALLEX"), specifically, HALLEX I-2-7-30 (S.S.A.), 1993 WL 643048. That section provides that when the ALJ obtains medical expert testimony through written interrogatories, the ALJ must proffer that evidence by sending a letter to the claimant and his appointed representative that provides: a time limit to object to, comment on, or refute the proffered evidence and to submit a written statement as to the facts and law that the claimant believes apply to the case in light of the evidence

3

submitted; a time limit to submit written questions to the expert; an opportunity to request a supplemental hearing and to cross-examine the authors of any post-hearing evidence; and the opportunity and instructions for requesting a subpoena for the attendance of witnesses or the submission of records. In this case, Dr. George W. Rogers, Jr., completed a medical interrogatory at the request of the ALJ on November 9, 2017, which was admitted into the record as Exhibit 22F. However, the ALJ did not proffer this interrogatory by letter to counsel for plaintiff in advance of the hearing.

As the magistrate judge noted, HALLEX provides "guiding principles, procedural guidance and information to adjudicators and staff of the Office of Hearings and Appeals" but this procedural guidance is not binding on the courts. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397, 399 (6th Cir. 2008); *see also Robberts v. Comm'r of Soc. Sec.*, No. 2:18-cv-541, 2019 WL 4023549, at *7 (S.D. Ohio Aug. 26, 2019)(HALLEX does not have the force of law or impose judicially enforceable duties on either the ALJ or the court); *Baskette v. Berryhill*, No. 117CV00135GNSLLK, 2018 WL 4701878, at *3 (W.D. Ky. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 4027044 (W.D. Ky. Aug. 23, 2018)(no procedural due process rights arise from HALLEX violations alone). "District courts that have granted relief for failure to comply with HALLEX have required that the plaintiff demonstrate prejudice from the failure to follow the procedures." *Creech v. Comm'r of Soc. Sec.*, 581 F. App'x 519, 521 (6th Cir. 2014). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

The court agrees with the conclusion of the magistrate judge that plaintiff did not establish prejudice due to the ALJ's failure to proffer Dr. Rogers' interrogatory to counsel. The magistrate judge noted that when plaintiff's counsel was asked at the beginning of the hearing if he had any objection to any of the exhibits, he stated that he did not, and he agreed that the record was complete. PAGEID 3056. Later in the hearing, the ALJ stated that he "had intended to have Dr. Rogers testify and let you cross-examine him, and for some reason it didn't happen." The ALJ then stated, "So as a result, I would only give limited weight to Dr. Rogers' interrogatory, since you haven't had the opportunity to cross-examine him." PAGEID 3063. Counsel responded, "Sure. Okay, Thank you, Your Honor." The ALJ again stated, "It only gets limited weight as a result, so I apologize." PAGEID 3063. Counsel stated, "Okay. Thank you, Your Honor." PAGEID 3036.

Plaintiff notes that counsel agreed at the hearing that the record was complete before the ALJ specifically referred to Dr. Rogers' interrogatory. However, that interrogatory was marked as Exhibit 22F, one of the exhibit numbers listed as being entered into the record. PAGEID 3057. From counsel's statements that he had no objection to the exhibits and that the record was complete, the ALJ could reasonably infer that counsel was familiar with the contents of the record. Counsel never indicated to the ALJ at any time during the hearing that he had not previously seen Dr. Rogers' interrogatory. Even after the ALJ brought Dr. Rogers' interrogatory to counsel's attention later in the hearing, counsel did not raise any objection to the exhibit. At that point, counsel should have known whether he had seen the interrogatory and, at the

5

very least, could have asked for time to examine it. Counsel could then have objected to the introduction of that evidence or requested that the hearing be continued so that he could subpoena Dr. Rogers to testify. He did none of those things. Counsel was also given thirty days in which to file a post-hearing brief. PAGEID 3084-85. The ALJ stated, "I want to give Mr. Fraley every benefit of the doubt. And as I say, if I missed something, I would welcome being corrected." PAGEID 3084-85. Counsel made no mention of Dr. Rogers' interrogatory in the post-hearing brief.

As the magistrate judge noted, courts have found no prejudice stemming from the failure to proffer interrogatories where plaintiff failed to object to the admission to those interrogatories at the hearing. *See Casey v. Colvin*, No. CV 14-73-HRW, 2015 WL 5657859, at *2-3 (E.D. Ky. Sept. 24, 3015)(finding no prejudice where plaintiff failed to object to the admission of interrogatories); *Gibbs v. Comm'r of Soc. Sec.*, No. 12-cv-14643, 2013 WL 5423612, at *3 (E.D. Mich. Sept. 26, 2013)(dismissing plaintiff's argument that interrogatories did not comply with HALLEX where counsel stated he had no objection to the evidence submitted); *Rudolph v. Comm'r of Soc. Sec.*, No. 12-11308, 2013 WL 5204513, at *8-9 (E.D. Mich Sept. 16, 2013)(rejecting plaintiff's argument that she did not receive copies of interrogatories where counsel did not object to the receipt of the medical expert's opinion into evidence at the hearing).

Plaintiff argues that if Dr. Rogers' interrogatory had been proffered to him in advance of the hearing, counsel might have taken some unspecified action which may have changed the outcome of the case. However, even after having ample opportunity to review

6

the entire record filed in this case, plaintiff does not indicate what counsel would have done differently had a pre-hearing proffer of the interrogatory been made. He does not contend that he would have argued that Dr. Rogers' opinion should receive more or less than limited weight. He does not indicate what additional evidence, if any, he may have presented to refute Dr. Rogers' interrogatory that was not already a part of the record. Plaintiff speculates that counsel may have decided to cross-examine Dr. Rogers, but does not suggest how such cross-examination would have been productive.

The record also does not support plaintiff's claim that the ALJ's decision may have been different if counsel had received Dr. Rogers' interrogatory by way of a proffer letter. Dr. Rogers opined that plaintiff had mild to moderate restrictions in his ability to interact with others; mild deficits in concentration, persistence and pace; and moderate to marked restrictions in his ability to adapt or manage himself. Exhibit 22F. Dr. Rogers' opinion was largely consistent with other medical opinions which were considered by the ALJ. Plaintiff has not objected to the ALJ's analysis or consideration of these other opinions.

Specifically, the record includes the May 14, 2018, interrogatories of Mary Buban, Psy.D., indicating that plaintiff had mild to moderate restrictions in his ability to interact with others and adapt or manage himself, and mild limitations in concentration, persistence and pace. Ex. 29F. The ALJ gave this evaluation some weight, noting that the restrictions she opined did not adequately account for plaintiff's long history of multifaceted history of mental symptoms. PAGEID 3032.

The ALJ noted the November 5, 2013, report of Brian R. Griffiths, Psy.D., a consultative examiner, which indicated that plaintiff would likely have some limitations in understanding, remembering, and carrying out instruction, maintaining attention and concentration, completing simple and multi-step tasks, responding appropriately to supervision, to coworkers, and to work pressures. Ex. 4F. The ALJ observed that plaintiff's performance during the mental-status portion of the examination did not reflect debilitating psychological impairments. PAGEID 3030. The ALJ accorded Dr. Griffiths' report some weight, noting that the conclusions regarding plaintiff's functional limitations were "somewhat vague." PAGEID 3033.

The ALJ considered the November 12, 2013, opinion of Leslie Rudy, Ph.D., and the March 6, 2014, opinion of Carl Tishler, Ph.D., state agency consultants. PAGEID 3033 These experts opined that plaintiff had mild restrictions in daily living and moderate difficulties in social functioning, concentration, persistence and pace. Exs. 1A and 5A. The ALJ gave these opinions partial weight, noting that although they were consistent with the record as a whole, these consultants did not have the opportunity to review the most recent evidence or examine the plaintiff. PAGEID 3033.

The ALJ partially agreed with the above opinions, but ultimately incorporated several additional restrictions in plaintiff's RFC which went above and beyond the recommendations made in those opinions. The ALJ's discussion of these comparable opinions indicates that he would have arrived at the same nondisability finding regardless of Dr. Rogers' opinion. Plaintiff has not shown that he was prejudiced by the ALJ's failure to comply

8

with HALLEX, and his objections are denied.

III. Conclusion

    For the foregoing reasons, plaintiff's objections (Doc. 18) are denied.  The court adopts and affirms the magistrate judge's report and recommendation (Doc. 17).  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment affirming the decision of the Commissioner.

    It is so ordered.

Date: November 7, 2019          s/James L. Graham  
                                      James L. Graham  
                                      United States District Judge